**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4459**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FREEDOM BORN DIVINE, a/k/a Rico Rivers,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (CR-03-606)

———————

Submitted: April 22, 2005          Decided: May 25, 2005

———————

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Louis H. Lang, CALLISON TIGHE & ROBINSON, L.L.P., Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Stacey D. Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Freedom Born Divine was convicted in December 2003 of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and sentenced to the statutory maximum term of 120 months imprisonment. Divine appeals his sentence, contending that under Blakely v. Washington, 124 S. Ct. 2531 (2004), the district court erred by refusing to submit to the jury a special verdict form on the number of firearms he possessed and by increasing his offense level for use or possession of a firearm in connection with another felony. At the sentencing hearing, the court determined that Divine possessed at least three firearms, which resulted in a two-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(A) (2003). The court also determined that Divine had possessed the firearms in connection with marijuana distribution, resulting in a four-level enhancement under § 2K2.1(b)(5). For the reasons explained below, we affirm Divine's conviction but vacate the sentence and remand for resentencing.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that Blakely applies to the federal sentencing guidelines and that the mandatory guidelines scheme which provides for sentence enhancements based on facts found by the court violated the Sixth Amendment; the Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus

making the guidelines advisory. 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court); 756-57 (Breyer, J., opinion of the Court). Subsequently, in United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), this court held that a sentence that is enhanced based on facts found by the court, not by a jury, constitutes plain error that affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. Hughes, 401 F.3d at 546-56.

Divine received sentence enhancements for the number of firearms he possessed and for possessing firearms in connection with marijuana trafficking. The jury's general verdict established only that Divine possessed at least one firearm; however, the district court determined that Divine possessed at least three firearms and that a two-level increase under § 2K2.1(b)(2)(A) was warranted, as recommended by the probation officer. The court also determined that Divine possessed the firearms in connection with marijuana trafficking, which resulted in an additional four-level enhancement under § 2K2.1(b)(5). Without these enhancements, Divine's offense level would have been 24 rather than 30 and his guideline range would have been 77-96 months rather than 120 months. The maximum sentence authorized by the jury verdict alone was 96 months. Id. at 547. Because Divine's sentence was longer as a result of the Sixth Amendment violation, we conclude that his

substantial rights were affected.  <u>Id.</u> at 548-49.  Finally, because the district court did not indicate what sentence it would impose under an advisory guideline scheme, we exercise our discretion to notice the error.  <u>Id.</u> at 556.

In light of <u>Booker</u> and <u>Hughes</u>, we vacate the sentence and remand the case for resentencing consistent with <u>Booker</u> and <u>Hughes</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART, AND REMANDED</u>