**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4860

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FREEDOM BORN DIVINE, a/k/a Rico Rivers,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (CR-03-606)

Submitted: March 20, 2006        Decided: April 6, 2006

Before WILLIAMS and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis H. Lang, CALLISON TIGHE & ROBINSON, L.L.P., Columbia, South Carolina, for Appellant. Stacey Denise Haynes, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Freedom Born Divine of possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and the district court sentenced him to a 120-month sentence. We affirmed Divine's conviction but vacated his sentence and remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Divine, 131 F. App'x 959 (4th Cir. 2005) (No. 04-4459). On remand, the district court sentenced Divine to 120 months of imprisonment. Divine's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court should have applied a beyond a reasonable doubt standard at sentencing to find that the offense involved a certain number of firearms and that Divine possessed the firearms in connection with another felony offense and whether Divine's sentence is reasonable, in light of this court's statement in our prior opinion that the maximum sentence authorized by the jury verdict was ninety-six months. Divine has filed pro se supplemental briefs challenging his conviction and sentence. We affirm.

Counsel suggests that the district court erred by applying a preponderance of the evidence standard in determining the advisory sentencing guideline range. We disagree. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (stating that "remedial portion of Booker held that decisions about sentencing

factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the [S]ixth [A]mendment so long as the guideline system has some flexibility in application"). Moreover, our review of the record convinces us that the sentence is reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006) ("[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable.") (internal quotation marks and citation omitted).

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none.[*] Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]With regard to Divine's challenges to his conviction, we find that those issues are foreclosed by the mandate rule. See Invention Submission Corp. v. Dudas, 413 F.3d 411, 414-15 (4th Cir. 2005) (discussing mandate rule), cert. denied, 126 S. Ct. 1024 (2006).